(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MICHAEL CHUTON, | : | |
| Plaintiff, | : | Civil No. 06-6175 (RBK) |
| v. | : | **OPINION** |
| DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendants New Jersey Department of Corrections and Corrections Officer W. Hannah (collectively "Defendants") for summary judgment against Plaintiff Michael Chuton on his claim brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court will grant Defendants' motion.

**I.    BACKGROUND**

Plaintiff asserts that on October 23, 2006, while he was an inmate at Bayside State Prison, Officer Hannah, while making an inquiry of Plaintiff, became unsatisfied with Plaintiff's response and physically assaulted him, injuring his neck, face, and arm. Plaintiff never filed an administrative remedy form with prison authorities regarding the alleged incident.

The Court received Plaintiff's federal complaint on December 20, 2006, and it was filed on January 4, 2007, following screening pursuant to 28 U.S.C. § 1915(e). In his complaint,

Plaintiff alleges that Officer Hannah violated his Eighth Amendment right to be free from excessive force and that the New Jersey Department of Corrections is also responsible for the violation because it failed to investigate the alleged incident. On September 18, 2007, Defendants filed the motion for summary judgment now before the Court. Plaintiff did not respond to that motion.

**II.    STANDARD OF REVIEW**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, Plaintiff has not opposed Defendants' motion.  Plaintiff's failure to oppose summary judgment does not necessarily entitle Defendants to judgment in their favor; rather, for those facts asserted by Defendants and unopposed by Plaintiff, "it is entirely appropriate for this court to treat [such] facts properly supported by the movant to be uncontroverted." Macias v. United States, Civ. No. 05-1445, 2006 U.S. Dist. LEXIS 46652, at *3 n.1 (D.N.J. June 30, 2006) (quoting Talbot v. United States, 05-CV-768, 2005 U.S. Dist. LEXIS 25700, at *2 (D.N.J. Oct. 28, 2005)).  This reasoning comports with Fed. R. Civ. P. 56(e), which states that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." See Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990).  Because Defendants do not bear the ultimate burden of proof, the Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." Id.

### III.   DISCUSSION

Defendants seek summary judgment on two grounds.  First, they argue they are entitled to judgment as a matter of law because Plaintiff did not exhaust his administrative remedies. Defendants submit the Declaration of Frank D. Bruno to show that Plaintiff never filed an administrative grievance at New Jersey State Prison, the prison to which he was transferred shortly after the alleged assault at Bayside State Prison.  In addition, Defendants argue that Plaintiff's claims against New Jersey Department of Corrections must be dismissed because his

3

action is barred by the Eleventh Amendment to the United States Constitution.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified at 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default). The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Id. at 230. With the requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 227.

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including claims related to specific incidents and claims of ongoing conditions. Porter v. Nussle, 534 U.S. 516, 520, 532 (2002). Additionally, a plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. Id. at 524.

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. Camino v. Scott, No. 05-4201, 2006 WL 1644707, at *4 (D.N.J. June 7, 2006) (citing Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000); Spruill, 372 F.3d at 232). Failure to exhaust remedies mandates dismissal of the inmate's claim. Booth v. Churner,

532 U.S. 731, 739 (2001); Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).

In this instance, Defendants are entitled to summary judgment because Plaintiff did not exhaust his administrative remedies. Plaintiff admits as much in his Complaint. In crafting his complaint, Plaintiff utilized a form entitled "Form to be Used by a Prisoner in Filing a Civil Rights Complaint." That form inquires whether the plaintiff "sought informal or formal relief from the appropriate administrative officials regarding acts complained of in the Statement of Claims." In response to that question, Plaintiff checked the "No" box. In explaining "why administrative remedies were not exhausted," he states "they did not properly investigated [sic] the cost of this matter according to the policy of the Department of Correction and my constitutional rights." This explanation, however, does not excuse the requirement of proper exhaustion. See Porter, 534 U.S. at 520 (holding plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not afford the relief plaintiff seeks). Accordingly, Defendants are entitled to judgment as a matter of law.

## IV.     CONCLUSION

Based on the foregoing reasoning, the Court will grant Defendants' motion for summary judgment. An accompanying Order shall issue today.

Dated: 5/30/08                                                                              s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge